UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIVO CAPITAL SURPLUS FUND VIII, L.P.,<br><br>*Plaintiff*,<br><br>v.<br><br>ORBIMED ADVISORS LLC and ORBIMED CAPITAL LLC,<br><br>*Defendants*. | Civil Acton No.: 25-cv-03051<br><br>**COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS** |

## COMPLAINT

1.  Plaintiff Vivo Capital Surplus Fund VIII, L.P. ("Vivo" or "Plaintiff"), by and through its undersigned counsel, hereby files this complaint against Defendants OrbiMed Advisors LLC ("OrbiMed Advisors") and OrbiMed Capital LLC ("OrbiMed Capital"; together with OrbiMed Advisors, "OrbiMed" or "Defendants"). As described herein, Defendants have and are continuing to violate Section 13(d) of the Securities Exchange Act of 1934 (the "Exchange Act") based on the following allegations:

## NATURE OF THE ACTION

2.  Plaintiff brings this action to remedy Defendants' blatant and continuing violation of federal securities law reporting requirements relating to Sinovac Biotech Ltd. ("Sinovac" or the "Company"), a China-based biopharmaceutical company whose common stock is listed on the Nasdaq Stock Market.

3.  Section 13(d) of the Exchange Act requires any person, including a group, acquiring beneficial ownership of more than 5 percent of a corporation's common stock to disclose information relating to such ownership. Defendants are subject to Section 13(d) requirements because they, as a group with certain other Sinovac shareholders, beneficially own

approximately 29.5% of the outstanding common stock of Sinovac.

4. Defendants have violated Section 13(d) by failing to update their disclosure documents as required by Section 13(d) and Rule 13d–1 promulgated thereunder, and to disclose the facts that they have formed a group with certain other shareholders, taken control of Sinovac's Board of Directors, and carried out plans and proposals to effect changes to the governance and business of the Company, including to illegally disenfranchise minority shareholders including Vivo, all the while keeping shareholders and the investing public in the dark.

5. Defendants' violations come at a critical junction for Sinovac. The current Board, led by Defendants and their allies and acting in self-interest, is engaged in a scheme to loot the Company's assets to the detriment of its mission and long-term shareholder value. It is also threatening to rescind over a billion dollars' worth of shares held by Vivo and other long-term shareholders. Furthermore, the Board is taking actions to entrench itself, resisting calls from concerned shareholders for new director elections. Sinovac's shareholders will soon need to vote on the future leadership of the Company and they are entitled to make a fully-informed decision with the benefit of information to which they are entitled under the federal securities laws. The relief sought by Vivo is necessary to prevent Defendants from depriving Sinovac shareholders of such information.

## PARTIES

6. Plaintiff Vivo Capital Surplus Fund VIII, L.P. is a limited partnership organized under the laws of Delaware and an investment fund that focuses on the global healthcare space. Vivo is the record holder of 165,079 shares of Sinovac's common stock. A copy of Plaintiff's share certificate, with the certificate number redacted, is attached as Exhibit 1 to this Complaint.

7. Upon information and belief, Defendant OrbiMed Advisors LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 601 Lexington Avenue, 54th Floor, New York, NY 10022.

8. Upon information and belief, Defendant OrbiMed Capital LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 601 Lexington Avenue, 54th Floor, New York, NY 10022.

9. Upon information and belief, OrbiMed Advisors and OrbiMed Capital are affiliated with each other and/or under common control.

## JURISDICTION AND VENUE

10. The claims asserted herein arise under and pursuant to Sections 13(d) and (g) of the Securities Exchange Act of 1934 (15 U.S.C. § 78m(d) and (g)), and SEC Rule 13d–1 promulgated thereunder (17 C.F.R. § 240.13d–1).

11. This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

12. This Court has personal jurisdiction over Defendants because OrbiMed Advisors and OrbiMed Capital both reside within this District and have committed the acts and omissions complained of herein in this District. As a result, Defendants have sufficient minimum contacts with this District so as to render the exercise of jurisdiction by the District Court permissible under traditional notions of fair play and substantial justice.

13. Venue is proper in this District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this District, and because each Defendant resides, conducts business in, and maintains operations within this District.

## **SUBSTANTIVE ALLEGATIONS**

### **The Federal Securities Law Disclosure Requirements**

14. Section 13(d) of the Exchange Act requires any person, including a group, acquiring beneficial ownership of more than 5 percent of a corporation's common stock to file a Schedule 13D within five days of the acquisition disclosing certain information to the corporation, the SEC, and the exchanges on which the stock is traded.

15. Rule 13d–3 promulgated under Section 13(d) of the Exchange Act defines "beneficial owner of a security" as "any person who, directly or indirectly, through any contract, arrangement, understanding, relationship, or otherwise has or shares: (1) Voting power which includes the power to vote, or to direct the voting of, such security; and/or, (2) Investment power which includes the power to dispose, or to direct the disposition of, such security." It further provides that "[a]ll securities of the same class beneficially owned by a person, regardless of the form which such beneficial ownership takes, shall be aggregated in calculating the number of shares beneficially owned by such person."

16. Specifically, Item 4 of Schedule 13D requires the filer to disclose "purposes of the acquisition of securities of the issuer" and any "plans or proposals" relating to, *inter alia*: "[a]n extraordinary corporate transaction"; "[a]ny change in the present board of directors or management of the issuer, including any plans or proposals to change the number or term of directors or to fill any existing vacancies on the board"; "[a]ny material change in the present capitalization or dividend policy of the issuer"; "[a]ny other material change in the issuer's business or corporate structure"; "[c]ausing a class of securities of the issuer to be delisted from [an exchange] . . . or [a]ny action similar."

4

17. Item 6 of Schedule 13D requires disclosure of contracts, arrangements, understandings, and relationships by the reporting person with respect to any securities of the issuer, including with respect to voting of any securities.

18. Rule 13d–1(c) permits investors with 5–20 percent ownership in an issuer to file a short-form Schedule 13G in lieu of a Schedule 13D, provided that the investor certifies that it has not acquired the securities with the intent of changing or influencing control of the issuer, *i.e.*, is a "passive investor." Rule 13d–1 further requires a passive investor to file within five days a Schedule 13D when it develops the intent to change or influence control of the issuer.

19. Sections 13(d) and 13(g) of the Exchange Act further provides that a group shall be deemed a "person" for the purposes of 13D and 13G disclosure "[w]hen two or more persons act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding, or disposing of securities of an issuer."

20. Section 13(d) of the Exchange Act is a strict liability statute.

**Defendants are Subject to Section 13(d) of the Exchange Act**

21. According to their most recent public disclosures, OrbiMed Advisors and OrbiMed Capital beneficially own 1,219,500 shares and 1,448,000 of Sinovac's common stock, which represent 1.7% and 2% of the outstanding common stock of Sinovac, respectively.[1]

22. Undisclosed in their public disclosures is the fact that they have formed a group with certain other Sinovac shareholders, including 1Globe Capital LLC ("1Globe Capital") and its owner Jiaqiang "Chiang" Li ("Li" and, together with 1Globe Capital, "1Globe"), to act in concert with respect to Sinovac. As such, Defendants are subject to Section 13(d) as members of a group with 1Globe for reporting purposes.

---

[1] Based on 71,860,702 shares outstanding as of March 31, 2024, as reported in Sinovac's From 20–F filed with the SEC on April 29, 2024.

23. Upon information and belief, 1Globe beneficially own 18,515,315 shares of Sinovac's common stock, which represent approximately 25.8% of the outstanding common stock of Sinovac.

24. Defendants are subject to Section 13(d) because they are members of a group whose aggregate beneficial ownership of Sinovac's common stock, which represents 29.5% of the outstanding common stock of Sinovac, exceeds the 5 percent threshold defined by Section 13(d).

**Defendants' Efforts to Undermine Sinovac's Corporate Governance Structure**

25. Sinovac is a Chinese biopharmaceutical company incorporated in Antigua and Barbuda ("Antigua") and based in Beijing. Sinovac's common shares are listed on the Nasdaq Stock Market.

26. Sinovac has for years been subject to an aggressive activist campaign by Defendants and 1Globe. Prior to an annual general meeting of shareholders held in February 2018 (the "AGM"), Defendants had formed an undisclosed group with certain other Sinovac shareholders including 1Globe in carrying out a secret plan to replace the Board of Sinovac. In particular, Defendants' ally 1Globe increased its positions in Sinovac by funding Li's relatives' purchases of the Company's common stock on Li's behalf without making legally required disclosures in their SEC filings. After clandestinely amassing Sinovac shares, Defendants and 1Globe ambushed the Company and its other shareholders at the AGM and proposed a slate of new directors without providing required prior notice. Defendants contended that their slate of directors were validly elected to the Board at the AGM, but Sinovac disputed this and maintained that the incumbent directors were validly in place and had not been replaced at the AGM.

27. Undeterred, Defendants and 1Globe continued to pursue their agenda to seize control of Sinovac through other illegal means. In November 2018, the High Court of Hong

6

Kong found that two 1Globe-affiliated individuals filed forged documents with the Hong Kong Companies Registry in an attempt to change the directors of Sinovac's Hong Kong subsidiary. In March 2020, a PRC regulator similarly found that 1Globe and its allies submitted forged documents in order to unlawfully change the directors of Sinovac's Beijing subsidiary.

28. In May 2020, the SEC found that 1Globe Capital and Li were in violation of federal securities laws and regulations. Specifically, the SEC determined that 1Globe Capital, Li, and Li's relatives, by the end of 2017, "together held nearly one-third of the common stock of [Sinovac] and participated in an activist plan to replace four of five incumbent directors . . . at Sinovac's 2018 annual shareholder meeting." 1Globe Capital and Li, however, "failed to disclose their full beneficial ownership of Sinovac stock, inclusive of substantial shares held by related parties, and their participation in a plan, led by other investors, thereby depriving existing and potential shareholders of information necessary to make fully informed investment decisions." Based on its findings, the SEC imposed both injunctive and monetary penalties on 1Globe Capital and Li. A copy of the SEC's order is attached as Exhibit 2 to this Complaint.

29. Defendants' and 1Globe's unrelenting pursuit of their activist agenda also resulted in prolonged litigation in the courts of Antigua. After almost seven years and two losses, in January 2025, Defendants and 1Globe finally obtained a ruling that the slate of nominees they put forward at the AGM should be deemed elected. An activist bloc led by Defendants and 1Globe thus took control of Sinovac's Board.

**Defendants' Complete Failure to Update Their Disclosures**

30. Defendants most recently disclosed their investment in Sinovac in an amendment to their joint Schedule 13G that was filed over nine years ago, on February 11, 2016 (the "2016 13G/A"). Since then, Defendants have not amended the 2016 13G/A, filed a Schedule 13D

relating to their ownership of Sinovac shares, or otherwise made the disclosures required therein. A copy of the 2016 13G/A is attached as Exhibit 3 to this Complaint.

31. Following the January 2025 court ruling, Defendants and 1Globe immediately installed on Sinovac's Board their slate of new directors and, at the same time, illegally excluded Vivo's Board representative Mr. Shan Fu, whose directorship was not affected by any court decision, from all Board matters. Since then, Defendants and 1Globe have taken a number of additional steps to entrench their control of Sinovac and to disenfranchise minority shareholders including Vivo while providing very little disclosures regarding their plans and proposals.

32. On February 28, 2025, Sinovac, now controlled by Defendants' and 1Globe' directors, issued a press release announcing the make-up of its new Board. The press release did not name Mr. Fu as a Director. Instead, the new Board purportedly comprises, among others, OrbiMed's Partner and Senior Managing Director David Guowei Wang, Li's nephew Pengfei Li, and Li himself as Chairman of the Board, even though Li was not nominated at the AGM and was not mentioned in the January 2025 court decision. The press release further stated that Sinovac had initiated a process to determine which shares of Sinovac are validly issued and outstanding, which, on information and belief, was an opaque threat to illegally cancel Vivo's and certain other investors' shares in the Company that are worth more than a billion dollars.

33. On March 28, 2025, Sinovac issued another press release announcing that the Board had purportedly appointed Mr. Sven H. Borho, OrbiMed's Managing Partner, as a new Director and Chair of the Audit Committee.

34. On April 1, 2025, Sinovac issued another press release announcing that the new Board "decided to declare a special cash dividend of US$55.00 per common share" to the

exclusion of certain minority shareholders including Vivo. But for the exclusion, Vivo and other affected shareholders would be entitled to more than 600 million U.S. dollars in dividend.

35. On information and belief, Sinovac, under Defendants' and 1Globe' control, has been resisting a formal shareholder demand for convening a shareholders' meeting and electing a different slate of Director nominees including Mr. Fu.

36. Sometime between Defendants' February 11, 2016 filing of the 2016 13G/A and Sinovac's April 1, 2025 Press Release, or earlier, Defendants developed plans and proposals and acted in concert with other shareholders, including but not limited to 1Globe, to seize control of Sinovac, entrench their control, disenfranchise minority shareholders, and effect further changes to the Company's governance and business, as described above in Paragraphs 31–35. Despite these plainly material developments, neither Defendant filed a Schedule 13D as required by Section 13(d) of the Exchange Act. As a result, Defendants have violated and continue to violate federal securities laws including Section 13(d)(1) of the Exchange Act and Rule 13d-1, which require Defendants to file a Schedule 13D within five days after they developed the intent to change or influence control of Sinovac.

## COUNT I

### VIOLATION OF SECTION 13(d) OF THE SECURITIES EXCHANGE ACT OF 1934

37. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

38. Defendants violated Section 13(d) of the Exchange Act by failing to disclose, among other things: (1) their status as non-passive investors; (2) the formation of a group among Defendants, 1Globe, and other persons acting in concert therewith with respect to Sinovac, and the identity of and information relating to the members of said group; (3) their aggregate

9

beneficial ownership of Sinovac stock, including shares held by 1Globe and other members of the group; (4) a description, in Item 4, of their plans and proposals to act in concert with other shareholders, including but not limited to 1Gobe, to affect the composition of Sinovac's Board of Directors, entrench their control, disenfranchise minority shareholders, and seek further changes to the Company's governance and business; and (5) a description, in Item 6, of their arrangements, understandings or relationships with other shareholders, including but not limited to 1Globe, with respect to Sinovac shares.

39. Defendants' failure to timely make required disclosures concerns information material to Sinovac shareholders and the investing public.

40. Defendants' violations of Section 13(d) are continuing and, without the equitable intervention of this Court, will cause, and have caused, Vivo and certain other shareholders, irreparable injury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Vivo's favor and against Defendants, and grant Vivo the following relief in the form of an Order:

A. Temporarily, preliminarily, and permanently enjoining Defendants from further violations of the Exchange Act;

B. Requiring Defendants to disclose the fact of their violations and to issue corrective disclosures rectifying their material violations of the Exchange Act;

C. Granting attorneys' fees and costs; and

D. Granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: April 14, 2025 | Respectfully submitted, |
| | **SIMPSON THACHER & BARTLETT LLP** |
| | /s/ *Stephen P. Blake* |
| | Stephen P. Blake<br>Bo Bryan Jin<br>2475 Hanover Street<br>Palo Alto, California 94304<br>Telephone: (650) 251-5000<br>Facsimile: (650) 251-0002<br>sblake@stblaw.com<br>bryan.jin@stblaw.com |
| | *Attorneys for Plaintiff Vivo Capital Surplus Fund VIII, L.P.* |